Bronson, J.
All laws which either impair the obligation of contracts, or deprive the creditor of prompt and efficient means for reaching the property of the debtor, are of a demoralizing tendency, and stand opposed to the best interests of society. Among the number of such enactments may be reckoned 66 stop” an4 , “exemption” laws, the insolvent law of 1811, and the insolvent branch of the late bankrupt act of the United States. *470 Such laws may sometimes have their origin in a sympathy for unfortunate debtors, and a feeling of kindness towards the poor. But it will, I think, be found, that they more commonly spring from a desire to escape the just punishment of idleness, extravagant living, and gambling speculations. They do little for thepoor beyond depriving honest tradesmen, mechanics and laborers, of the just rewards of their industry. It is those who live at ease, and sometimes in splendor, that usually reap the fruits of such laws, and not the more humble portion of the community who toil for the bread they eat. Laws which are wholly prospective in their operation, however impolitic they may be, can be endured ; but when they have a retroactive effect, and either nullify existing contracts or take away the remedy of the creditor, they are justly chargeable with some one of those vices which, when committed without the sanction of legal enactments, never receive a milder name than fraud, and are sometimes denominated theft and robbery. The property of one man is taken without his consent, and appropriated to the use of another. I would go any length, short of doing violence to the plainly expressed will of the legislature, in so construing a statute as not to give the least countenance to that lax morality in relation to the payment of debts which is now beginning to disgrace sovereign states, as well as individuals and private corporations.
The reform act of 1840, {Stat. of 1840, p. 334,) does not impair the obligation of contracts; and, although it delays the execution of those who were creditors at the time the act passed, the loss is nearly or quite made up by other provisions in the same statute for obtaining a speedy judgment. In actions upon written contracts, the defendant is not allowed to plead without swearing to a defence, and judgments may be entered in vacation as well as in term time. And on the whole, this statute has left the creditor nearly as well off as he was before ; and that is more than could well have been expected at • the present day, when the whole course of legislation tends so strongly in favor of the debtor.
*471 This statute gives a new form of fieri facias, and provides that it “ may be issued” &c. “ after the expiration of thirty days from the entry of judgment.” As I could see no good reason for this delay, I was disposed to read the provision according to the letter, and allow the creditor to have an execution in the new form whenever he chose to wait thirty days, but without any prohibition against issuing the old execution immediately after judgment in all cases. But my brethren thought that would not do, and it has already been settled that there must in some cases be a stay of execution for thirty days. (Commercial Bank of Oswego v. Ives, 2 Hill, 355.) A distinction is now taken; and it is said that the provision for a stay and a new form of execution only applies where the judgment is entered in vacation, and that when it is entered in term time the old execution may issue, without any delay. Such is not my reading of the statute. The provision is as follows : “ Judgments may be entered and perfected at any time in term or vacation.” ( § 23.) “ Writs of fieri facias may be issued and tested at any time in term or vacation, after the expiration of thirty days from the entry of such judgment.” (§24.) When we come to the words “such judgment,” we must look back and see what judgments had been before mentioned, and in doing so we find that they are judgments entered 66 in termf as well as those entered in “ vacation.” I know that, as to term judgments, the statute has conferred no new authority, but still, after mentioning judgments of both kinds in the same sentence, a stay and a new form of execution is provided in relation to “ such judgment;” and it is difficult to say that the provision does not extend alike to judgments of both kinds. If, as has already been settled, there must sometimes be a stay of thirty days, it follows, I think, that there must be such stay in all cases, and the old writ of fieri facias is abolished. The motion to set aside this execution must therefore be granted.
Nelson, Ch. J. concurred.